IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SHAWNA CARROLL,

        Plaintiff,

v.

ERIC HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

        Defendant.

Civ. No. 09-3093-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's objections (#64) to defendant's bill of costs (#63). For the reasons stated below, plaintiff's objections should be denied and defendant's motion for costs should be granted.

## BACKGROUND

Plaintiff Shawna Carroll ("Carroll") brought this action against defendant Eric Holder, Jr., Attorney General of the United States in his official capacity ("the Government"), alleging the Federal Bureau of Investigation ("FBI") discriminated against her on the basis of age and disability in violation of the Rehabilitation Act of 1973. On September 30, 2011, this court recommended (#50) the Government's motion to dismiss or, in the alternative, for summary judgment (#22) be granted. On January 24, 2012, United States District Judge Panner adopted

Page 1 – REPORT AND RECOMMENDATION

(#61) this court's recommendation and entered judgment (#62) in favor of the Government. The Government, as the prevailing party, filed its cost bill (#63) on February 7, 2012, seeking to recover $5,242.82 in costs.

## STANDARD

Federal Rule of Civil Procedure ("Rule") 54(d) creates a presumption in favor of awarding costs to the prevailing party. FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); Idaho Potato Comm. v. G & T Terminal Packaging, Inc., 425 F.3d 708, 723 (9th Cir. 2005). District courts are vested with the discretion not to allow costs, subject to the requirement that the court "specify reasons" in the event that an award of costs is refused. Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002) (*citing* Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)). A district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

## DISCUSSION

The Government seeks to recover costs for two of the categories specifically enumerated by 28 U.S.C. § 1920: printing fees and disbursements, and deposition transcripts. Specifically, the Government seeks $54.90 in printing fees and disbursements for costs incurred as the result of obtaining copies of Carroll's medical records, allowed under 28 U.S.C. § 1920(3), and $5,187.92 for costs incurred as the result of obtaining transcripts of the depositions of Carroll and thirteen additional deposition witnesses, allowed under 28 U.S.C. § 1920(2). Carroll argues the court should apply its discretion to deny these costs (1) to avoid the chilling effect of

Page 2 – REPORT AND RECOMMENDATION

imposing high costs on future civil rights litigants, (2) because the Government's motion is premature and "violates Justice Department policy on seeking such costs against civil rights litigants," (3) because she prevailed in the EEOC proceeding, and (4) because the time for appealing the grant of summary judgment in the Government's favor has not yet passed. (Pl's Objections to Def's Bill of Costs, Dckt. # 64, pp. 1).

### I. The Government's Motion Is Not Premature

Carroll's argument that the Government's motion is premature because the deadline for appealing the court's judgment has not expired is unavailing. Because this is a civil action to which a United States agency is a party, Carroll has sixty days from the entry of judgment or order appealed from to file a notice of appeal. FED. R. APP. P. 4(a)(1)(B). However, the Local Rules for the District of Oregon require the prevailing party to file a cost bill within fourteen days after entry of a final judgment in order to recover costs. L. R. CIV. P. 54-1(a). In this case, the court entered judgment for defendants (#62) on January 24, 2012, therefore under the Local Rules the Government was required to file its motion by February 7, 2012. Although time remains for Carroll to file a notice of appeal, the Government could not have waited any longer to file its motion for costs. The Government's motion is therefore not premature.

### II. Taxation of Costs Is Appropriate In This Case

In exercising its discretion to tax costs the court should consider a number of factors, including whether there has been misconduct on the part of the prevailing party; whether the losing party is indigent or an award of costs would cause the losing party severe financial distress due to his or her limited financial resources; whether an award of costs would have a chilling effect of imposing high costs on future civil rights litigants; and whether the case presented close or complex legal issues. *See* Ass'n of Mexican—Am. Educators, 231 F.3d at 592 (internal

Page 3 – REPORT AND RECOMMENDATION

citations omitted). The Ninth Circuit has held that a district court abuses its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources and (2) "the chilling effect of imposing such high costs on future civil rights litigants." Id. (*citing* Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079-80 (9th Cir.), *cert. denied*, 528 U.S. 1022, 120 S.Ct. 533 (1999)).

In this case, there is no evidence of misconduct on the part of the Government, and the issues presented in Carroll's case were neither close nor complex. While Carroll is retired, she receives monthly retirement benefits of approximately $5,500 per month and her husband remains employed with the FBI. Carroll has not shown, and the evidence does not suggest, that she is indigent or that being forced to pay costs of $5,242.82 would reduce her to indigence. *Compare* Fonseca v. Secor Int'l, Inc., No. CV-04-1117-ST, 2005 WL 1587065, at * 2 (D. Or. June 13, 2005) (taxing costs in the amount of $1,993.68 against losing Title VII plaintiff "of modest means" making an annual salary of $35,000; "[a] litigant must be prepared to pay the cost of lowing his or her case in order to make a rational decision about whether to file a lawsuit."), *with* Stanley, 178 F.3d at 1079-80 (court abused discretion in failing to re-tax costs awarded to the defendants where the losing plaintiff was unemployed, faced costs of $46,710.97, and had a close case that raised complex questions). Additionally, the $5,242.82 in costs is not likely to chill future civil rights litigants. *Compare* Save Our Valley, 335 F.3d at 945 (affirming the award of $5,310.55 in costs and rejecting appellant's argument that this amount posed a risk of chilling future litigation), *with* Ass'n of Mexican—Am. Educators, 231 F.3d at 592-93 (district court did not abuse discretion by denying costs where plaintiff's case presented close and difficult issues of substantial public importance, plaintiff's case while unsuccessful had some

Page 4 – REPORT AND RECOMMENDATION

merit, and the defendant State sought $216,443.67 from a small nonprofit educational organization).

The court sees no reason to stay the ruling on the Government's motion or the determination of the amount of costs the Government is entitled to recover. If either party objects to the court's ruling, that objection may be included in any appeal or cross-appeal to the Ninth Circuit, thereby avoiding a subsequent appeal. Finally, as there is no appeal currently pending, the judgment in this case is final as of the current date, therefore the court sees no reason to stay the order and judgment of this court.

### III. Taxation of the Particular Costs Sought

Carroll does not object to either the categories or the amount of costs sought by the Government. The court finds that both are appropriate. The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920.[1] Pursuant to Local Rule 54-1, a party seeking costs must provide a "detailed itemization of all claimed costs" and "an affidavit and appropriate documentation," and must also verify the cost bill as required by 28 U.S.C. § 1924. L.R. 54-1(a)(1)-(2). Under 28 U.S.C. § 1924, the party seeking costs must submit an affidavit stating that the items in the cost bill are correct and that the costs were "necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. The Government has provided a detailed itemization of the costs sought along with supporting documentation and the requisite verification that the costs requested were "necessarily incurred in this action." The Government seeks $54.90 for

---

[1] Taxation of costs is limited to "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

Page 5 – REPORT AND RECOMMENDATION

obtaining copies of Carroll's medical records; this cost is unquestionably appropriate as Carroll's medical condition is central to her claims, thus her medical records were required for the Government's motion.

The Government also seeks to recover costs deposition transcripts. The cost of taking depositions and obtaining deposition copies is properly taxed if the deposition testimony is introduced into evidence or used at trial for impeachment or cross-examination. Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d 656, 678-79 (9th Cir.), *cert denied*, 375 U.S. 922, 84 S.Ct. 267 (1963). "The cost of a deposition not used at trial still may be recovered if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." U.S. ex rel. Berglund v. Boeing Co., No. 03:02-cv-193-AC, 2012 WL 697140, * 2 (D. Or. Feb. 29, 2012) (internal quotation marks and citation omitted).

The Government seeks to recover a total of $5,187.92 in costs for the deposition transcripts of fourteen witnesses. Of these, the Government submitted seven in support of its motion (#22) to dismiss or, in the alternative, for summary judgment: the depositions of Shawna Carroll, David Carroll, Joe Conli, Dennis Olfert, Georgia Lucas, Barbara Harris, and Robert Jordan. (*See* Decl. James E. Cox, Sr., Supp. Def's Mot. to Dismiss or Mot. for Summ. J. ("Cox Decl."), Dckt. #25, Exs. 1-7). The Government's use of these deposition transcripts clearly satisfies the requirements of 28 U.S.C. § 1920(2), therefore, the motion for costs should be granted as to these seven deposition transcripts.

Of the remaining seven depositions transcripts, Carroll submitted five as evidence in opposition to the Government's motion: the depositions of Linda Thorson, Michael Huff, Antron Bryant, Tonya Odom, and Janet Hall. (Pl's Exs. Opp'n Def's Mot. J., Exs. 15, 31-32, 35,

Page 6 – REPORT AND RECOMMENDATION

37). Carroll deposed each of these witnesses, each of whom she claims is directly involved in some aspect of the allegedly discriminatory actions taken against her. The possibility therefore exists that the depositions would be necessary at trial to limit any attempt to impeach these witnesses should they have been called at trial, creating a reasonable necessity for the Government to obtain a copy of the deposition transcript as part of the pretrial preparation of the case. *See* Independent Iron Works, Inc., 322 F.2d at 679. The same is true of the deposition of Jared Garth. Although not submitted by either party in conjunction with the Government's motion, FBI Special Agent Jared Garth is assigned to the agency's Portland Division, and was directly involved in the allegedly discriminatory job offer which is central to Carroll's claims. (See Cox Decl., Ex. 2, pp. 12-13).

The Government has failed to provide any explanation regarding the identity of the last deposition witness, Daniel R. Nielson, including whether this witness was deposed by Carroll or the Government, or how the Government used the transcript of this deposition as part of the pretrial preparation of its case. The court is therefore unable to determine whether the Government obtained this transcript for the convenience of its counsel or for pretrial preparation, and could exercise its discretion to disallow taxation of costs with respect to the $278.92 attributable to this particular deposition. However, Carroll raises no objection to the Government's inclusion of it in its itemized deposition costs and thus apparently concedes that this deposition was necessarily obtained for pretrial preparation. The court has no reason to question the Government's certification that this deposition, like the others it itemizes, was necessarily obtained. Based on its knowledge of this case, the court therefore finds that all depositions were necessarily obtained for pretrial preparation and not merely for the convenience of counsel, and recommends that the Government's costs be taxed in full.

## RECOMMENDATION

For the reasons stated above, Carroll's objections (#64) should be denied and the Government' motion for costs (#63) should be granted in the amount of $5,242.82.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by March 27, 2012. If objections are filed, any response to the objections is due by April 13, 2012.*** See FED. R. CIV. P. 72, 6.

DATED this ___9___ day of March, 2012.

MARK D. CLARKE
United States Magistrate Judge